# UNITED STATES DISTRICT COURT
## District of South Carolina

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| vs. | |
| <u>JAMES BARNARD HAITHCOCK</u> | Case Number: 4:08CR372TLW(5) () |
| a/k/a Boss Hog | USM Number: 16261-171 |
| | <u>Gregory Poole Harris, Retained</u> |
| | Defendant's Attorney |

**THE DEFENDANT:**

☐   pleaded guilty to count(s) __.

☐   pleaded nolo contendere to count(s) _____which was accepted by the court.

■   was found guilty on count(s) <u> One (1) on April 22, 2009 </u> after a plea of not guilty.

The defendant is adjudicated guilty of theses offenses:

| <u>Title & Section</u> | <u>Nature of Offense</u> | <u>Offense Ended</u> | <u>Count</u> |
|---|---|---|---|
| 21:846 | Please see indictment | 4/22/2008 | 1 |

       The defendant is sentenced as provided in pages 2 through <u>5</u> of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐   The defendant has been found not guilty on count(s)_____.

☐   Count(s) __ ☐ is ☐are    dismissed on the motion of the United States.

☐   Forfeiture provision is hereby dismissed on motion of the United States Attorney.

       It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

| |
|---|
| February 4, 2010 |
| Date of Imposition of Judgment |
| |
| s/ Terry L. Wooten |
| Signature of Judge |
| |
| Terry L. Wooten, United states District Judge |
| Name and Title of Judge |
| |
| February 19, 2010 |
| Date |

DEFENDANT: JAMES BARNARD HAITHCOCK
CASE NUMBER: <u>4:08CR372TLW(5)</u>

## IMPRISONMENT

       The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of ninety-eight (98) months.

■      The court makes the following recommendations to the Bureau of Prisons: 1. that the defendant be evaluated and considered for drug treatment while incarcerated and 2. that the defendant receive medical/health evaluation and be considered for any medical treatment necessary from that evaluation; and that BOP consider Butner Medical Facility if appropriate.

■      The defendant is remanded to the custody of the United States Marshal.

☐      The defendant shall surrender to the United States Marshal for this district:

        ☐ at _____ ☐ a.m. ☐ p.m. on _____.

        ☐ as notified by the United States Marshal.

☐      The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

        ☐ before 2 p.m. on _____.

        ☐ as notified by the United States Marshal.

        ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this Judgment as follows:


Defendant delivered on _____to _____

at _____, with a certified copy of this judgment.

_____

                            _____
                               UNITED STATES MARSHAL

                          By _____
                               DEPUTY UNITED STATES MARSHAL

DEFENDANT: JAMES BARNARD HAITHCOCK
CASE NUMBER: 4:08CR372TLW(5)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of four (4) years. While on supervised release, the defendant shall comply with the mandatory and standard conditions of supervision outlined in Title 18 U.S.C. § 3583(d). The defendant shall also comply with the following special conditions: 1. The defendant shall satisfactorily participate in a substance abuse treatment program, to include drug testing, as approved by the U.S. Probation Office.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☒ The defendant shall cooperate in the collection of DNA as directed by the Probation Office. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or a restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: JAMES BARNARD HAITHCOCK
CASE NUMBER: 4:08CR372TLW(5)

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the total criminal monetary penalties under the schedule of payments on Sheet 5.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | **$ 100.00** | **$** | **$** |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case(AO245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed on the next page.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment unless specified in the priority order or percentage payment column on the next page. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| **TOTALS** | $_____ | $_____ |  |

☐ Restitution amount ordered pursuant to plea agreement   **$_____**

The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

       ☐    The interest requirement is waived for the ☐ fine ☐ restitution.
       ☐    The interest requirement for the ☐ fine ☐ restitution is modified as follows:

**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: JAMES BARNARD HAITHCOCK
CASE NUMBER: 4:08CR372TLW(5)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A    ■    Lump sum payment of $100.00 special assessment due immediately, balance due

☐ not later than _____ , or

☐ in accordance with   ☐ C,   ☐ D, or   ☐ E, or ☐ F below: or

B    ☐    Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C    ☐    Payment in equal _____(weekly, monthly, quarterly)  installments of $_____over a period of _____(e.g.,
months or years), to commence _____ *(30 or 60 days)*   after the date of this judgment; or

D    ☐     Payment in equal _____(weekly, monthly, quarterly)  installments of $_____over a period of
_____(e.g., months or years), to commence _____ *(30 or 60 days)* after release from imprisonment to a term of
supervision; or

E    ☐    Payment during the term of supervised release will commence within (e.g., 30 or 60 days) after release from imprisonment.  The
court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    ☐    Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes  imprisonment, payment of criminal monetary penalties is due
during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate
Financial Responsibility Program, are made to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount,
and Corresponding  Payee, if appropriate.



☐    The defendant shall pay the cost of prosecution.
☐    The defendant shall pay the following court cost(s):
☐    The defendant shall forfeit the defendant's interest in the following property to the United States:

As directed in the Preliminary Order of Forfeiture, filed _____ and the said order is incorporated herein as part of this judgment.


Payments shall be applied in the following order:  (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.